HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
Gabriel L. Pardo (Bar No. 261625)
(E-Mail: Gabriel_Pardo@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2918
Facsimile: (213) 894-0081

Attorneys for Defendant
TOMAS HIDALGO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

THOMAS HIDALGO,

Defendant.

Case No. CR 13-402-PA

**NOTICE OF MOTION AND MOTION TO DISMISS INDICTMENT FOR POST-INDICTMENT DELAY**

**TO: UNITED STATES ATTORNEY EILEEN M. DECKER AND ASSISTANT UNITED STATES ATTORNEY JEFF MITCHELL:**

PLEASE TAKE NOTICE that on July 27, 2015, at 3:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Percy Anderson, United States District Judge, defendant Tomas Hidalgo, will bring on for hearing the following motion:

## MOTION

Defendant Tomas Alexander Hidalgo, by and through his attorney of record, Deputy Federal Public Defender, Gabriel L. Pardo, hereby moves this Honorable Court for an order dismissing the indictment due to post-indictment delay. This motion is made pursuant to the Sixth Amendment to the United States Constitution and Rule 48(b) of the Federal Rules of Criminal Procedure, and is based upon the attached Memorandum of Points and Authorities, all files and records in this case, and any such evidence and argument as may be presented at the hearing on this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Tomas Hidalgo[1] was indicted for distribution of cocaine and methamphetamine on June 4, 2013. *See* Dkt. # 1. The Indictment charges two counts: the first is for cocaine distribution alleged to have occurred on July 14, 2009; the second is for methamphetamine distribution alleged to have occurred on May 24, 2010. The Indictment was sealed upon filing. Nearly two years later—on May 7, 2015—Mr. Hidalgo first appeared to answer the charges in the Indictment, at which point the Indictment was unsealed. *See* Dkt. # 8.

The length of the delay in bringing Mr. Hidalgo to trial on these charges—greater than one year and approaching two years—exceeds the length of delay the Supreme Court and Ninth Circuit have deemed to be presumptively prejudicial. Accordingly, it is the government's burden to explain the reasons for its delay in bringing Mr. Hidalgo to trial. The government must do so now. Mr. Hidalgo anticipates that the government will not be able to show that he is at fault in any way for this delay. To the contrary, Mr. Hidalgo anticipates that the government's evidence will reveal that it was at fault for the delay. Furthermore, Mr. Hidalgo has timely asserted his Sixth Amendment right to a speedy trial by filing this motion. Mr. Hidalgo further anticipates that the government's evidence will excuse him of any requirement of demonstrating actual prejudice. For these reasons, the Indictment should be dismissed.

## II. ARGUMENT

### A. Applicable Law

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Cont. Amend. VI. The

[1] While the Indictment in this case identifies Mr. Hidalgo as "Thomas Hidalgo," his true name is Tomas Hidalgo.

Sixth Amendment speedy trial right attaches once a defendant is "indicted, arrested, or otherwise officially accused," whichever occurs first. *United v. MacDonald*, 456 U.S. 1, 6 (1982). Even if the defendant has not been arrested or made aware of the charges, the Speedy Trial Clause still provides protections to a defendant's interest in the fair adjudication of the matter. *Doggett v. United States*, 505 U.S. 647, 654 (1994) (rejecting the government's argument that the Speedy Trial Clause does not significantly protect the interest in a fair adjudication under such circumstances.)

The factors to be considered in determining whether a pretrial delay violates a defendant's Sixth Amendment right to a speedy trial include: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of the right to a speedy trial; and (4) the prejudice caused by the delay. *Barker v. Wingo,* 407 U.S. 514, 530 (1972). The factors "must be considered together with such other circumstances as may be relevant," *id.* at 533, with no single factor being either necessary or sufficient to support a finding of violation. *See id.* at 530, 533.

**B. The Over Two-Year Delay In This Case is Presumptively Prejudicial**

Courts generally hold that a delay exceeding a year is presumptively prejudicial. *See, e.g., Doggett*, 505 U.S. at 652 n. 1; *United States v. Beamon*, 992 F.2d 1009, 1013 (9th Cir. 1993) (noting that "courts have generally found delays approaching one year to be 'presumptively prejudicial'" and holding that "the 17 and 20 month delays" in that case were "more than sufficient to trigger the speedy trial inquiry under *Barker*"). Courts evaluate the length of delay in the context of the crime charged as "the delay that can be tolerated for an ordinary street crime is considerably less than [that] for a serious, complex conspiracy charge." *Barker*, 407 U.S. at 530-31.

Here, the delay between Mr. Hidalgo's indictment and trial has been at least two years, twice the amount of delay courts deem presumptively prejudicial. Accordingly, the Court must analyze the remaining *Barker* factors.

**C. The Government Bears the Burden of Explaining the Delay, and It is Anticipated That the Government's Explanation Will Reveal That It Is At Fault For the Delay**

Where, as here, the period of post-indictment delay exceeds the threshold at which prejudice is presumed, it is the government's burden to explain the reasons for its delay. *See, e.g., McNeely v. Blanas*, 336 F.3d 822, 827 (9th Cir. 2003) ("[T]he prosecution bears the burden of explaining pretrial delays."); *Ingram v. Cate*, No. CV 12-7881-DOC, 2014 WL 3672921, at *13 (C.D. Cal. Jun. 12, 2014) ("A finding that a given delay is 'presumptively prejudicial' places a burden on the government to explain the delay in terms of the other factors."). Here, the two-year delay is presumptively prejudicial and thus the government bears the burden of explaining its delay. Mr. Hidalgo anticipates that the government's explanation will reveal that it was at fault for the delay.

**D. Mr. Hidalgo Asserted His Right to a Speedy Trial By Filing This Motion**

The factor requiring timely assertion of the speedy trial right weighs in the defendant's favor where the evidence indicates that he was not aware of his indictment until his arrest, and he then asserted his right by moving to dismiss the indictment on speedy trial grounds. *See Doggett*, 505 U.S. at 653. Further, where a defendant asserts his speedy trial right only after seeking eight continuances, the Ninth Circuit has found that this weighed "neither in favor of dismissal nor in favor of the government." *See United States v. Corona-Verbera*, 509 F.3d 1105, 1116 (9th Cir. 2007).

Here, this factor weighs in Mr. Hidalgo's favor. Mr. Hidalgo has sought limited continuances in order to become apprised of the voluminous amounts of discovery—consisting of six DVDs including thousands of intercepted telephone calls, 264 pages of scanned discovery, and video recordings—seek out witnesses, and research the instant motion as well as other pretrial motions. Further, Mr. Hidalgo is promptly asserting his right to a speedy trial by filing the instant motion.

### E. Whether Mr. Hidalgo Is Required to Show Actual Prejudice Is a Function of the Government's Reasons for Delay

The Supreme Court and the Ninth Circuit have recognized that "whether the defendant must show actual prejudice depends on whether it is he or the government who is responsible for the delay." *United States v. Aguirre*, 994 F.2d 1454, 1456 (9th Cir. 1993) (citing *Doggett*). Where the delay is to gain tactical advantage there is an "overwhelming case for dismissal." *Id.* (citing *Doggett*). Where the delay is based on government negligence, the need to show prejudice is a function of the length of delay. *Id.* Accordingly, depending on the reasons for delay offered by the government and the level of fault they ultimately demonstrate, Mr. Hidalgo may not need to show actual prejudice.

There are other reasons Mr. Hidalgo should not be required to show actual prejudice. This case involves three years of pre-indictment delay (given that the last alleged drug transaction occurred in May 2010) and two years of post-indictment delay. The Eleventh Circuit held in *United States v. Ingram*, 446 F.3d 1332 (11th Cir. 2006), that even in a traditional Sixth Amendment speedy trial analysis, pre-indictment delay can exacerbate and compel dismissal based on post-indictment delay without the need to demonstrate actual prejudice. *Id.* at 1339-40 (holding that two year post indictment delay and two-and-a-half year pre-indictment delay weighed heavily against the government and were sufficient to compel dismissal).

Even assuming a requirement of actual prejudice, Mr. Hidalgo was actually prejudiced in this case by the amount of time which has passed, including the period prior to indictment, thus causing the diminution of memory, the likely loss and destruction of evidence, and the loss of contact with potential witnesses. Mr. Hidalgo is charged with the cumbersome task of explaining complex facts and transactions that occurred in some instances over six years ago. The offense at issue is one as to which the ability of the defense to reconstruct the circumstances leading to Mr. Hidalgo's participation—from memories, records, and witnesses—would be difficult even absent

the exceeding of the limitations period (which has in fact been exceeded with respect to Count 1 and has nearly been exceeded with respect to Count 2). The task of reconstituting the record of communications and transactions relevant to the Mr. Hidalgo's alleged participation in these offenses at this stage is exceedingly difficult, if not impossible. The record in this case thus amply supports a finding of actual prejudice.

## III. CONCLUSION

For the foregoing reasons, Mr. Hidalgo respectfully requests that this Court enter an order dismissing the Indictment in this case.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED: July 6, 2015

By */s/ Gabriel L. Pardo*

GABRIEL L. PARDO
Deputy Federal Public Defender
Attorneys for TOMAS HIDALGO